UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PUBLIC STORAGE, a Maryland REIT qualified to do business in California,<br><br>Plaintiff,<br><br>v.<br><br>DOROTHY SOBAYO; NATHANIEL SOBAYO; KINGSWAY CAPITAL-NATHANIEL BASOLA SOBAYO,<br><br>Defendants. | Case No: C 12-05263 SBA<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Docket 7 |

On August 27, 2012, Plaintiff Public Storage ("Plaintiff") commenced a small claims court action against Defendants Dorothy Sobayo and Nathaniel Sobayo, and a small claims court action against Defendant Kingsway Capital - Nathaniel Basola Sobayo in the Superior Court of California, County of San Mateo. See Notice of Removal, Exhs. 1-A & 1-B, Dkt. 1.[1] In these actions, Plaintiff seeks to recover unpaid rent. See id. On October 11, 2012, Defendant Nathaniel Sobayo, acting pro se, filed a notice of removal based on federal question jurisdiction and diversity jurisdiction. See id. The parties are presently before the Court on Plaintiff's motion to remand. Dkt. 7. Defendants Dorothy Sobayo and Nathaniel Sobayo (collectively, "Defendants") oppose the motion. Dkt. 12. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Plaintiff's motion to remand, for the reasons stated below. The

---

[1] Plaintiff initiated the small claims court actions by filing documents entitled "Plaintiff's Claim and ORDER to Go to Small Claims Court." Notice of Removal, Exhs. 1-A & 1-B The Court will refer to these documents as complaints.

Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. DISCUSSION

### A. Federal Question Jurisdiction

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States. . . ." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed to be absent unless the removing party which seeks to invoke the Court's jurisdiction shows that plaintiff has alleged: (1) a federal cause of action, Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"); (2) a state cause of action that turns on a substantial dispositive issue of federal law, Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983); Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921); or (3) a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 560 (1968).

A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999). In the case of a removed action, a district court must remand the case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008).

As such, any doubts regarding the propriety of removal favor remanding the case. See Gaus, 980 F.2d at 566.

Here, the notice of removal alleges that Plaintiff has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Fourth Amendment of the United States Constitution. See Notice of Removal ¶¶ 3, 8-11. The notice of removal also alleges that a separate, yet related, "FEDERAL TITLE 42 CASE MAY BE PREPARED AND WILL BE FILED AGAINST ALL CO-CONSPIRATORS, AND THESE PLAINTIFFS AS SOON AS FEASIBLE." Id. ¶ 4. The notice of removal states that "Defendants's [sic] cross-complaint and evolving title 42 CIVIL ACTION for FDCPA is an action to enforce Plaintiffs's [sic] liability created by violations of Defendants's [sic] rights under FDCPA." Id. ¶ 11.

Federal subject matter jurisdiction must be apparent from the face of the complaint, and cannot lie in anticipated defenses. Specifically, federal courts have jurisdiction over cases in which a "well-pleaded complaint" establishes that federal law creates the cause of action. Franchise Tax Board, 463 U.S. at 27-28. Defensive matters are not considered to confer federal question jurisdiction for removal purposes. Id. at 10 ("[A] defendant may not remove a case to federal court unless the *plaintiff's complaint* establishes that the case 'arises under' federal law.") (emphasis in original). In reviewing the underlying complaints, it is readily apparent that this case does not satisfy the jurisdictional requirements for federal subject matter jurisdiction. The complaints filed by Plaintiff do not assert a federal claim. Thus, it is facially apparent that this case does not meet the requirements of 28 U.S.C. § 1331 for federal subject matter jurisdiction.

### B. Diversity Jurisdiction

The notice of removal alleges, without elaboration, that "DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES." Notice of Removal ¶ 4. Given Defendants' pro se status, the Court will construe the notice of removal as alleging that removal is appropriate based on diversity jurisdiction. Having reviewed the notice of removal, the Court finds that Defendants have failed to sustain their burden to demonstrate

- 3 -

that diversity jurisdiction is proper. Gaus, 980 F.2d at 566. The underlying complaints both seek to recover $642.55 in unpaid rent. See Notice of Removal, Exhs. 1-A & 1-B. This amount is far below the $75,000 minimum required to establish diversity jurisdiction over a civil action. 28 U.S.C. § 1332(a).[2]

### C. Attorney Fees and Costs

Plaintiff moves for an order requiring Defendants to pay for the costs and expenses, including attorney fees, it incurred as a result of the improper removal. Pl.'s Mtn. at 9-10, Dkt. 7. Specifically, Plaintiff requests an order awarding it costs and expenses in the amount of $6,000. Id. at 10. Where a case is improperly removed, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court has "wide discretion" to award attorney fees and costs under § 1447(c). Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 447 (9th Cir. 1992). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Here, it is clear that this action was improperly removed because it does not involve a federal question and the amount sought in the underlying complaints is far below the $75,000 minimum required to establish diversity jurisdiction. However, in view of Defendants' pro se status, the Court declines to award Plaintiff the costs and expenses it incurred as a result of the improper removal. Defendants may have genuinely believed that asserting federal statutes in defense of the small claims court actions presented a basis for removal. As such, the Court does not find that the attempted removal was objectively unreasonable under the circumstances such that an award of costs and expenses is appropriate.

---

[2] In light of the Court's conclusion that Defendants have failed to sustain their burden to demonstrate that federal question or diversity jurisdiction exists, the Court will not reach the alternative grounds for remand articulated by Plaintiff.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to remand is GRANTED.

2. The hearing currently scheduled for January 22, 2013 is VACATED.

3. The instant action is REMANDED to the Superior Court of California, County of San Mateo.

4. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 1/15/13    _____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

PUBLIC STORAGE,

       Plaintiff,

 v.

DOROTHY SOBAYO et al,

       Defendant.
_____/

Case Number: CV12-05263 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 15, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dorothy Sobayo
2148 University Avenue
East Palo Alto, CA 94303

Dated: January 15, 2013
                              Richard W. Wieking, Clerk

                                    By: Lisa Clark, Deputy Clerk